IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

AMERICAN DRYER CORPORATION
    Plaintiff/Defendant-in-counterclaim

vs.                                                  Civil Action No. 04-11597-RCL

RAS SYSTEMS, LLC
    Defendant/Plaintiff-in-counterclaim

**PLAINTIFF, AMERICAN DRYER CORPORATION'S ANSWER TO DEFENDANT, RAS SYSTEMS, LLC'S COUNTERCLAIM**

<u>FIRST AFFIRMATIVE DEFENSE</u>

By way of affirmative defense, the Plaintiff, American Dryer Corporation, responds, paragraph by paragraph, to the allegations set forth in the Defendant, RAS Systems, LLC's counterclaim, as follows.

1. The Plaintiff, American Dryer Corporation, is without sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 1 of the Defendant, RAS Systems, LLC's counterclaim and, therefore, denies the same.

2. The Plaintiff, American Dryer Corporation, admits the allegations contained in paragraph 2 of the Defendant, RAS Systems, LLC's counterclaim.

3. The Plaintiff, American Dryer Corporation, admits the allegations contained in paragraph 3 of the Defendant, RAS Systems, LLC's counterclaim.

4. The Plaintiff, American Dryer Corporation, admits the allegations contained in paragraph 4 of the Defendant, RAS Systems, LLC's counterclaim.

5. The Plaintiff, American Dryer Corporation, admits the allegations contained in the first two sentences of paragraph 5, states that the document in Exhibit A speaks for itself, and denies the remaining allegations of paragraph 5 of the Defendant, RAS Systems, LLC's counterclaim.

6. The Plaintiff, American Dryer Corporation, admits the allegations contained in paragraph 6 of the Defendant, RAS Systems, LLC's counterclaim.

7. The Plaintiff, American Dryer Corporation, admits the allegations contained in paragraph 7 of the Defendant, RAS Systems, LLC's counterclaim.

8. The Plaintiff, American Dryer Corporation, admits that the Defendant, RAS Systems, LLC, provided it with the document in Exhibit B to the Answer and Counterclaim of RAS Systems, LLC on or about May 5, 2003. The Plaintiff, American Dryer Corporation, states that the document in Exhibit B speaks for itself and denies the remaining allegations contained in paragraph 8 of the Defendant, RAS Systems, LLC's counterclaim.

9. The Plaintiff, American Dryer Corporation admits that it made certain requests to the Defendant, RAS Systems, LLC, to address inefficiencies in the loading capabilities of the robotic loading system for the First and

Second MultiBend Machines. The Plaintiff, American Dryer Corporation, admits that it had partially paid the Defendant, RAS Systems, LLC, for the First MultiBend Machine, at the time that it made its requests. The Plaintiff, American Dryer Corporation, denies the remaining allegations contained in paragraph 9 of the Defendant, RAS Systems, LLC's counterclaim.

10. The Plaintiff, American Dryer Corporation, admits the allegations contained in the first sentence of paragraph 10 of the Defendant, RAS Systems, LLC's counterclaim. The Plaintiff, American Dryer Corporation, (a) admits that an American Dryer Corporation employee sent the e-mail in Exhibit C, (b) states that the e-mail in Exhibit C speaks for itself, and (c) denies the remaining allegations contained in paragraph 10 of the Defendant, RAS Systems, LLC's counterclaim.

11. The Plaintiff, American Dryer Corporation, admits that the Defendant, RAS Systems, LLC, provided it with a proposal for the Second MultiBend Machine on or about May 21, 2003 and that, in the May 21, 2003 Proposal, the Defendant, RAS Systems, LLC, proposed a sale price for the Second MultiBend Machine of $908,770, which was to be reduced by a $10,000 credit. The Plaintiff, American Dryer Corporation, denies that the Defendant, RAS Systems, LLC, provided it with the document in Exhibit D to the counterclaim and denies the remaining allegations of paragraph 11 of the Defendant, RAS Systems, LLC's counterclaim.

12. The Plaintiff, American Dryer Corporation, admits that in its May 21, 2003 Proposal, RAS proposed the terms set forth in paragraph 12 of the Defendant, RAS Systems, LLC's counterclaim and denies the remaining allegations contained in paragraph 12 of the Defendant, RAS Systems, LLC's counterclaim.

13. The Plaintiff, American Dryer Corporation, denies the allegations contained in paragraph 13 of the Defendant, RAS Systems, LLC's counterclaim.

14. The Plaintiff, American Dryer Corporation, states that the document in Exhibit E to the Defendant, RAS Systems, LLC's counterclaim speaks for itself. The Plaintiff, American Dryer Corporation, denies the remaining allegations contained in paragraph 14 of the Defendant, RAS Systems, LLC's counterclaim.

15. The Plaintiff, American Dryer Corporation, admits that Purchase Order No. 31754 reflects that, on May 27, 2003, the Plaintiff, American Dryer Corporation, proposed a delivery date for the Second Multibend Machine of November 30, 2003. The Plaintiff, American Dryer Corporation, denies the remaining allegations of paragraph 15 of the Defendant, RAS Systems, LLC's counterclaim.

16. The Plaintiff, American Dryer Corporation, denies the allegations contained in paragraph 16 of the Defendant, RAS Systems, LLC's counterclaim.

17. The Plaintiff, American Dryer Corporation, (a) admits that Exhibit F was signed by both parties, (b) states that the document in Exhibit F speaks for itself, and (c) denies the remaining allegations contained in paragraph 17 of the Defendant, RAS Systems, LLC's counterclaim.

18. The Plaintiff, American Dryer Corporation, (a) admits that, on August 28, 2003, it paid the Defendant, RAS Systems, LLC, a $100,000 refundable deposit on the Second MultiBend Machine and (b) denies the remaining allegations contained in paragraph 18 of the Defendant, RAS Systems, LLC's counterclaim.

19. The Plaintiff, American Dryer Corporation, denies the allegations contained in paragraph 19 of the Defendant, RAS Systems, LLC's counterclaim.

20. The Plaintiff, American Dryer Corporation, admits that it requested another machine from the Defendant, RAS Systems, LLC, in approximately August, 2003 and denies the allegations contained in paragraph 20 of the Defendant, RAS Systems, LLC's counterclaim.

21. The Plaintiff, American Dryer Corporation, admits that (a) the Defendant, RAS Systems, LLC, delivered and installed the Flexibend Machine at the Plaintiff, American Dryer Corporation's facility in Fall River, Massachusetts and (b) the parties agreed and understood that the Plaintiff, American Dryer Corporation, would return the Machine to the Defendant, RAS Systems, LLC, at some time in the future.  The Plaintiff, American Dryer

Corporation, denies the remaining allegations contained in paragraph 21 of the Defendant, RAS Systems, LLC's counterclaim.

22. The Plaintiff, American Dryer Corporation, is without sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 22 of the Defendant, RAS Systems, LLC's counterclaim and, therefore, denies the same.

23. The Plaintiff, American Dryer Corporation, admits that the Defendant, RAS Systems, LLC, contacted it regarding delivering the Second Multibend Machine in November, 2003 and American Dryer Corporation proposed to have RAS Systems, LLC deliver the Second Multibend Machine in January, 2004. The Plaintiff, American Dryer Corporation, denies the remaining allegations contained in paragraph 23 of the Defendant, RAS Systems, LLC's counterclaim.

24. The Plaintiff, American Dryer Corporation, admits the allegations contained in paragraph 24 of the Defendant, RAS Systems, LLC's counterclaim.

25. The Plaintiff, American Dryer Corporation, admits that the Defendant, RAS Systems, LLC, sold the Second MultiBend to a third party and denies the remaining allegations contained in paragraph 25 of the Defendant, RAS Systems, LLC's counterclaim.

26. The Plaintiff, American Dryer Corporation, denies the allegations contained in paragraph 26 of the Defendant, RAS Systems, LLC's counterclaim.

27. The Plaintiff, American Dryer Corporation, denies the allegations contained in paragraph 27 of the Defendant, RAS Systems, LLC's counterclaim.

28. The Plaintiff, American Dryer Corporation, denies the allegations contained in paragraph 28 of the Defendant, RAS Systems, LLC's counterclaim.

29. The Plaintiff, American Dryer Corporation, (a) admits that an American Dryer Corporation employee sent the e-mail in Exhibit G, (b) states that the e-mail in Exhibit G speaks for itself, and (c) denies the remaining allegations contained in paragraph 29 of the Defendant, RAS Systems, LLC's counterclaim.

30. The Plaintiff, American Dryer Corporation, admits that it paid the Defendant, RAS Systems, LLC, $765,000 for the First MultiBend Machine and denies the remaining allegations of paragraph 30 of the Defendant, RAS Systems, LLC's counterclaim.

31. The Plaintiff, American Dryer Corporation, states that the May 14, 2004 e-mail speaks for itself.  The Plaintiff, American Dryer Corporation, admits that the Defendant, RAS Systems, LLC, contacted it seeking the return of the Flexibend Machine and that American Dryer Corporation requested the refund of its $100,000 payment to the Defendant, RAS Systems, LLC. The Plaintiff, American Dryer Corporation, denies the remaining allegations of paragraph 31 of the Defendant, RAS Systems, LLC's counterclaim.

32. The Plaintiff, American Dryer Corporation, denies the allegations contained in paragraph 32 of the Defendant, RAS Systems, LLC's counterclaim.

33. The Plaintiff, American Dryer Corporation, admits that it has not returned the Flexibend Machine to the Defendant, RAS Systems, LLC, and denies the remaining allegations contained in paragraph 33 of the Defendant, RAS Systems, LLC's counterclaim.

34. The Plaintiff, American Dryer Corporation, denies the allegations contained in paragraph 34 of the Defendant, RAS Systems, LLC's counterclaim.

35. The Plaintiff, American Dryer Corporation, denies the allegations contained in paragraph 35 of the Defendant, RAS Systems, LLC's counterclaim.

36. The Plaintiff, American Dryer Corporation, denies the allegations contained in paragraph 36 of the Defendant, RAS Systems, LLC's counterclaim.

37. The Plaintiff, American Dryer Corporation, repeats and incorporates by reference its answers to paragraphs 1 through 36 of the Defendant, RAS Systems, LLC's counterclaim.

38. The Plaintiff, American Dryer Corporation, admits the allegations contained in paragraph 38 of the Defendant, RAS Systems, LLC's counterclaim.

39. The Plaintiff, American Dryer Corporation, admits that the Defendant, RAS Systems, LLC, gave it a $10,000 credit towards the $775,000 cash due under the First Purchase Agreement and denies the remaining allegations contained in paragraph 39 of the Defendant, RAS Systems, LLC's counterclaim.

40. The Plaintiff, American Dryer Corporation, admits the allegations contained in paragraph 40 of the Defendant, RAS Systems, LLC's counterclaim.

41. The Plaintiff, American Dryer Corporation, denies the allegations contained in paragraph 41 of the Defendant, RAS Systems, LLC's counterclaim.

42. The Plaintiff, American Dryer Corporation, denies the allegations contained in paragraph 42 of the Defendant, RAS Systems, LLC's counterclaim.

43. The Plaintiff, American Dryer Corporation, denies the allegations contained in paragraph 43 of the Defendant, RAS Systems, LLC's counterclaim.

44. The Plaintiff, American Dryer Corporation, repeats and incorporates by reference its answers to paragraphs 1 through 43 of the Defendant, RAS Systems, LLC's counterclaim.

45. The Plaintiff, American Dryer Corporation, denies the allegations contained in paragraph 45 of the Defendant, RAS Systems, LLC's counterclaim.

46. The Plaintiff, American Dryer Corporation, denies the allegations contained in paragraph 46 of the Defendant, RAS Systems, LLC's counterclaim.

47. The Plaintiff, American Dryer Corporation, repeats and incorporates by reference its answers to paragraphs 1 through 46 of the Defendant, RAS Systems, LLC's counterclaim.

48. The Plaintiff, American Dryer Corporation, states that the allegations contained in paragraph 48 constitute legal conclusions to which no response is required. To the extent that a response is deemed necessary, the Plaintiff, American Dryer Corporation denies the allegations of paragraph 48 of the Defendant, RAS Systems, LLC's counterclaim.

49. The Plaintiff, American Dryer Corporation, denies the allegations contained in paragraph 49 of the Defendant, RAS Systems, LLC's counterclaim.

50. The Plaintiff, American Dryer Corporation, denies the allegations contained in paragraph 50 of the Defendant, RAS Systems, LLC's counterclaim.

51. The Plaintiff, American Dryer Corporation, denies the allegations contained in paragraph 51 of the Defendant, RAS Systems, LLC's counterclaim.

52. The Plaintiff, American Dryer Corporation, repeats and incorporates by reference its answers to paragraphs 1 through 51 of the Defendant, RAS Systems, LLC's counterclaim.

53. The Plaintiff, American Dryer Corporation, denies the allegations contained in paragraph 53 of the Defendant, RAS Systems, LLC's counterclaim.

54. The Plaintiff, American Dryer Corporation, denies the allegations contained in paragraph 54 of the Defendant, RAS Systems, LLC's counterclaim.

55. The Plaintiff, American Dryer Corporation, denies the allegations contained in paragraph 55 of the Defendant, RAS Systems, LLC's counterclaim.

56. The Plaintiff, American Dryer Corporation, repeats and incorporates by reference its answers to paragraphs 1 through 55 of the Defendant, RAS Systems, LLC's counterclaim.

57. The Plaintiff, American Dryer Corporation, states that the allegations contained in paragraph 57 constitute legal conclusions to which no response is required.

58. The Plaintiff, American Dryer Corporation, admits the allegations contained in paragraph 58 of the Defendant, RAS Systems, LLC's counterclaim.

59. The allegations of this paragraph constitute legal conclusions to which no response is required.  To the extent that a response is deemed necessary, the Plaintiff, American Dryer Corporation, denies the allegations contained in paragraph 59 of the Defendant, RAS Systems, LLC's counterclaim.

60. The Plaintiff, American Dryer Corporation, denies the allegations contained in paragraph 60 of the Defendant, RAS Systems, LLC's counterclaim.

61. The Plaintiff, American Dryer Corporation, denies the allegations contained in paragraph 61 of the Defendant, RAS Systems, LLC's counterclaim.

WHEREFORE, the Plaintiff, American Dryer Corporation, demands judgment in its favor on all claims asserted against it in the Defendant, RAS Systems, LLC's counterclaim, and an award of its costs, attorney's fees, and such other relief as this court deems just and appropriate.

## Affirmative Defenses

### SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, the Plaintiff, American Dryer Corporation, states that the Defendant, RAS Systems, LLC's counterclaim fails to set forth a cause of action upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, the Plaintiff, American Dryer Corporation, says that the action is barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Plaintiff, American Dryer Corporation, says that the Defendant's counterclaim is subject to dismissal because of insufficiency of process and insufficiency of service of process, pursuant to Mass. R. Civ. P. 12(b)(4) and 12(b)(5).

## FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Plaintiff, American Dryer Corporation, says that the Defendant, by its conduct and actions and/or the conduct and actions of its agents and servants, is estopped to recover any judgment against the Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Plaintiff, American Dryer Corporation, says that the Defendant has, by its actions and/or by the conduct and actions of its agents, employees, and servants, waived any and all rights it may have had against the Plaintiff, and, therefore, the Defendant cannot recover in this action.

## SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Plaintiff, American Dryer Corporation, says that the Defendant breached the terms and conditions of the agreements and contracts alleged in the Defendant's counterclaim and that, therefore, the Defendant cannot recover.

## EIGHTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Plaintiff, American Dryer Corporation, states that the Defendant has not exhibited or otherwise manifested reasonable conduct in mitigation of the damages as alleged in its counterclaim.

## NINTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Plaintiff, American Dryer Corporation, states that the Defendant is estopped from recovery in this action, as it has failed to perform its obligations under the alleged contracts and agreements.

### TENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Plaintiff, American Dryer Corporation, states that to the extent that it had any obligations to the Defendant, such obligations have been fully, completely and properly performed in every respect, and therefore, the Defendant is not entitled to recover in this action.

### ELEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Plaintiff, American Dryer Corporation, states that the Defendant had notice of all of the facts alleged in its counterclaim and all of the acts of the Plaintiff alleged in its counterclaim for a long period of time and nevertheless unreasonably refrained from and delayed in commencing this action to the great injury, prejudice and detriment of the Plaintiff, and has thereby been guilty of such laches as should in equity bar him from maintaining this action.

### TWELFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Plaintiff, American Dryer Corporation states that the Defendant, RAS Systems, LLC's claims are barred by the doctrine of unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Defendant, RAS Systems, LLC, is barred from recovery under the provisions of Massachusetts General Laws Chapter 93A because American Dryer Corporation did not commit an unfair or deceptive act or practice within the scope of Massachusetts General Laws Chapter 93A or a knowing or willful violation of Massachusetts General Laws Chapter 93A.

## FOURTEENTH AFFIRMATIVE DEFENSE

At all times relevant to its claims, the Defendant, RAS Systems, LLC, did not have possession of or the right to immediate possession of the Flexibend Machine.

## FIFTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Plaintiff, American Dryer Corporation, hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during discovery and hereby reserves the right to assert any such additional defenses.

**JURY CLAIM**

The Plaintiff demands a jury trial on all issues so triable.

                                        AMERICAN DRYER CORPORATION,
                                        By its Attorney,

                                        /s/ Scott W. Lang
                                        Scott W. Lang, Esquire  BBO #285720
                                        Lang, Xifaras & Bullard
                                        115 Orchard Street
                                        New Bedford, MA  02740
                                        (508) 992-1270

Dated:  October 12, 2004