IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

AMERICAN DRYER CORPORATION
    Plaintiff/Defendant-in-counterclaim

vs.                                                       Civil Action No. 04-11597-RCL

RAS SYSTEMS, LLC
    Defendant/Plaintiff-in-counterclaim

## JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1

I.    Proposed Agenda for Scheduling Conference

    A.  Set Discovery Schedule

    B.  Discuss Motions and Set Motion Schedule

    C.  Address the Issue of Using a Magistrate Judge

II.    Concise Summary of Parties' Positions

    A.    Concise Summary of the Plaintiff's Position

The Defendant, RAS Systems, LLC, a limited liability company in the business of marketing, selling and distributing metal bending machines, breached a contract with the Plaintiff, American Dryer Corporation, a manufacturer of clothes dryers, to sell the Plaintiff a fully functional Multibend metal bending machine by selling the Plaintiff a defective machine. The Defendant's breach of the parties' contract caused the Plaintiff to sustain business interruptions, lost income, expenses, attorneys' fees, and other damages.

The Defendant breached a second contract with the Plaintiff to sell the Plaintiff a second Multibend metal bending machine by (a) demanding payment of $50,000 in addition to the agreed upon purchase price; and (b) selling the machine to a third party

and unfairly refusing to refund the Plaintiff's $100,000 deposit, when the Plaintiff was entitled to a full refund of said monies. The Plaintiff was caused to suffer damages, including but not limited to, attorneys' fees, as a result of the Defendant's breach of the second Multibend contract.

The Defendant engaged in (a) unfair and deceptive acts and practices in violation of Massachusetts General Laws Chapter 93A and (b) unlawful, intentional or negligent deceit and misrepresentation, when it knowingly and willfully misrepresented to the Plaintiff that the first Multibend metal bending machine was fully operational and capable of performing the metal bending functions for which it was marketed and sold.

The Defendant engaged in unfair and deceptive acts and practices in violation of Massachusetts General Laws Chapter 93A and in unlawful, intentional or negligent deceit and misrepresentation when it knowingly and willfully misrepresented to the Plaintiff the purchase price of the second Multibend metal bending machine and deceitfully (a) attempted to obtain additional payment from the Plaintiff, in excess of the agreed upon sale price; and (b) refused to refund the Plaintiff's deposit after it sold the machine to a third party, when it knew that the Plaintiff was entitled to a full refund.

The Defendant wrongfully and intentionally took and kept from the Plaintiff's possession and converted to its use the Plaintiff's $100,000 deposit, when the Plaintiff was entitled to possession of its full deposit.

The Plaintiff states that it in no way breached either of the Multibend purchase agreements, nor has it failed to pay the Defendant any portion of the price of the first Multibend machine. The Plaintiff states further states that it is entitled to possession of the Defendant's Flexibend machine. Finally, the Plaintiff denies engaging in any unfair

or deceptive acts or practices in its business dealings with the Defendant, RAS Systems, LLC.

     B.     <u>Concise Summary of the Defendant's Position</u>

     1.     <u>RAS Systems, LLC's Position Regarding the Claims of American Dryer Corporation</u>

Defendant/plaintiff-in-counterclaim RAS Systems, LLC "RAS"), denies that it has breached a contract with American Dryer Corporation ("ADC") by selling it a defective metal bending machine. The machine sold by RAS to ADC was capable of performing the functions for which it had been marketed and sold. RAS denies that it engaged in acts and practices in violation of M.G.L. c. 93A, or in intentional or negligent misrepresentation, in representing the condition and capabilities of this machine.

RAS denies that it has breached a contract with ADC for the sale of a second metal bending machine. In addition, RAS denies that it engaged in acts and practices in violation of M.G.L. c. 93A, or in intentional or negligent misrepresentation, in regard to its sale of this machine. At no time did RAS demand that ADC pay an additional $50,000 for this second machine. In addition, at no time did RAS misrepresent the purchase price of this machine to ADC. Finally, RAS has not unfairly retained ADC's $100,000 deposit for this machine. ADC cancelled its order of the machine from RAS. As a result, and pursuant to the parties' purchase agreement, RAS is entitled to liquidated damages far in excess of ADC's $100,000 deposit.

     2.     <u>RAS' Counterclaims Against ADC</u>

RAS is in the business of marketing, selling and distributing machines for the folding, forming, cutting and bending of metal. ADC is, upon information and belief, in the business of manufacturing clothes dryers and dryer parts. In or about June 2002,

ADC and RAS entered into an agreement whereby ADC agreed to purchase a metal bending machine (the "First Machine") from RAS. RAS provided the First Machine to ADC. However, ADC has breached the parties' agreement by failing to pay RAS the full amount due for the First Machine.

In or about May 2003, ADC and RAS entered into an agreement whereby ADC agreed to purchase a second metal bending machine (the "Second Machine") from RAS. The parties' agreement provided that should ADC cancel its order of the Second Machine, ADC would be obligated to pay RAS, among other things, liquidated damages equal to thirty percent (30%) of the purchase price, an amount well in excess of $100,000. In May 2004, ADC cancelled its order of the Second Machine. ADC has breached its agreement for the purchase of the Second Machine by failing to pay RAS the full amount of liquidated damages it owes RAS.

In late August 2003, at the request of ADC, RAS loaned a metal bending machine (the "Loaner Machine") to ADC so that ADC could meet certain production needs. Both parties agreed, and at all times understood, that ADC was obligated to return the Loaner Machine to RAS. However, as of this date and despite repeated demands by RAS, ADC has refused to return the Loaner Machine to RAS. Upon information and belief, ADC is refusing to return the Loaner Machine in an unlawful attempt to coerce RAS to return ADC's $100,000 deposit for the Second Machine. The actions of ADC regarding this Loaner Machine constitute conversion and violations M.G.L. c. 93A's prohibitions against unfair and deceptive conduct.

III.  Joint Discovery Plan

Event                                                          Deadline

| | | | |
|---|---|---|---|
| | A. | Service of Automatic Required Disclosures Pursuant to Rule 26(a)(1) | November 29, 2004 |
| | B. | Completion of Written Fact Discovery and Depositions | July 15, 2005 |
| | C. | Rule 26(a)(2)(B) Disclosure of Trial Experts by the Plaintiff | August 15, 2005 |
| | D. | Rule 26(a)(2)(B) Disclosure of Trial Experts by the Defendant | September 15, 2005 |
| IV. | | Proposed Schedule for Filing Motions | |
| | A. | Deadline for Filing Dispositive Motions | November 15, 2005 |
| | B. | Deadline for Responding to Dispositive Motions | December 15, 2005 |
| V. | | Proposed Pre-Trial Schedule | |
| | A. | Final Pre-trial conference held by: | February 15, 2006 |
| | B. | Trial | To be scheduled by the Court |

VI. <u>Magistrate</u>

The parties have conferred and do not consent to have this case referred to a magistrate judge.

VII. <u>Certifications</u>

Counsel for the parties will file certifications pursuant to Local Rule 16.1, certifying that each has spoken with his client concerning a litigation budget and alternative dispute resolution programs, at or before the scheduling conference.

Respectfully submitted,

AMERICAN DRYER CORPORATION
By its attorney,


/s/ Scott W. Lang, Esquire
<u>Scott</u> W. Lang, Esquire  BBO #285720
Lang, Xifaras & Bullard
115 Orchard Street
New Bedford, MA  02740
(508) 992-1270

Dated:  November 2, 2004



RAS SYSTEMS, LLC
By its attorneys,



/s/ Stephen C. Bazarian
Kevin Lesinski  BBO #554140
Stephen C. Bazarian BBO #552148
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA  02210-2028
(617) 946-4800

Dated:  November 2, 2004